**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Holmes,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-19-05093-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Rodney Holmes's Application for Supplemental Security Income by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant Social Security Administration Commissioner's Response (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the Administrative Record (Doc. 13, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Plaintiff filed his Application on February 26, 2016, alleging a period of disability beginning June 8, 2009. (R. at 18.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 18.) On May 24, 2018, Plaintiff appeared and testified at a hearing before the ALJ. (R. at 18.) During the hearing, Plaintiff amended his alleged onset date to November 1, 2016. (R. at 41–42.) On October 31, 2018, the ALJ denied Plaintiff's claim.

(R. at 15–34.) That decision became final on August 19, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 1–7.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: congenital heart disease, end-stage heart disease, status post complete transposition of great vessels, right ventricular failure, hypertension, anxiety, depression, and cognitive disorder. (R. at 21.)

Ultimately, the ALJ concluded that Plaintiff is not disabled. The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 22.) The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with some exceptions, including: occasionally lifting and carrying 20 pounds and frequently lifting and carrying 10 pounds; standing, sitting, and walking for six hours in an eight-hour workday; occasionally climbing ramps and stairs, but never climbing ladders or scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; avoiding concentrated exposure to extreme cold, fumes, odors, dusts, gases, and hazards; and following simple instructions for unskilled work with occasional contact with coworkers and supervisors. (R. at 24.) Based on this RFC, the ALJ found that Plaintiff is unable to perform his past relevant work as a dishwasher but can perform jobs that exist in significant numbers in the national economy. (R. at 27.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based

on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

      To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four and assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step and determines whether the claimant can perform any other work in the national economy based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred in evaluating Plaintiff's impairments under Listings 4.02 and 4.06; (2) the ALJ erred by rejecting Plaintiff's symptom testimony; and (3) the ALJ erred by rejecting the opinions of Plaintiff's treating physicians, Dr. Akil Loli and Dr. Craig Cohen. The Court finds that the ALJ properly considered Plaintiff's impairments under Listings 4.02 and 4.06 but committed reversible error by rejecting Plaintiff's testimony and Dr. Loli's opinion.

### A. The ALJ did not err by finding that Plaintiff was not disabled per se under Listings 4.02 and 4.06.

Plaintiff argues that his condition meets Listings 4.02 (Chronic Heart Failure) and 4.06 (Symptomatic Congenital Heart Disease). (Pl. Br. at 7.) The ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments. (R. at 22.) The ALJ's step three analysis focused primarily on Listing 12.00 (Mental Disorders). (R. at 22–23.) As to Listing 4.00 (Cardiovascular Disorders), the ALJ found that the state agency physicians "determined that Plaintiff's condition did not meet and was not equivalent to any condition listed in Appendix I." (R. at 22.) Additionally, the ALJ found that the medical evidence did not support a finding that Plaintiff's impairments were equivalent to the listing level in severity. (R. at 22.)

At step three of the disability analysis, the claimant has the burden of proving that his impairments meet or medically equal a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2004). The ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis*, 236 F.3d at 512. The ALJ's determination is entitled to deference if it is supported by substantial evidence. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).

The Court finds that Plaintiff has failed to meet his burden of showing that his impairment or combination of impairments meets or medically equals the requirements in Listings 4.02 or 4.06. The ALJ relied on the opinion of state agency physician Dr. Paul Ossmann that Plaintiff "does not meet the 'B' criteria for heart failure in Listing 4.02 or

for symptomatic congenital disease in 4.06." (R. at 74.) Plaintiff argues that this was error because Dr. Ossmann did not clearly articulate whether he considered the listings and his opinion conflicts with other evidence of record. (Reply at 2.) The Court disagrees.

Contrary to his claims, Plaintiff fails to show that he cannot perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to dyspnea, fatigue, palpitations, or chest discomfort. *See* 20 C.F.R. § 404, Subpt. P, App. 1, 4.02(B). To support his argument, Plaintiff points out that his treating physicians stated that he has difficulty walking short distances due to chronic fatigue, weakness, exercise intolerance, exertional dyspnea, and peripheral edema. (Pl. Br. at 8.) Based on these statements, Plaintiff argues it was reasonable to assume his physicians believed he would fail an exercise tolerance test. (Pl. Br. at 8.) However, Plaintiff's evidence is based on pure conjecture and does not satisfy the stringent criteria of 4.02(B). Furthermore, conflicting evidence in the record indicates that in March 2017, Plaintiff was able to walk "well over one block" without stopping for dyspnea or symptoms of chest discomfort. (R. at 762.)

Plaintiff also fails to show that he meets the Listing 4.06(A) criteria because, contrary to his claims, he has not produced objective evidence of cyanosis. *See* 20 C.F.R. § 404, Subpt. P, App. 1, 4.06(A). Plaintiff cites two treatment records as evidence that he "was observed to have a bluish discoloration on several of his exams." (Pl. Br. at 9.) However, Defendant correctly points out that these records appear to be subjective reports from Plaintiff rather than direct observations by his physicians. (Def. Br. at 5, R. at 816, 978, 983.) Accordingly, the Court finds that Plaintiff has failed to prove that his condition meets the criteria listed in 4.06(A).

In sum, the Court finds that the ALJ properly considered relevant evidence, including the opinion of Dr. Ossmann, in determining that Plaintiff's impairments do not meet Listings 4.02 and 4.06. *See Thomas*, 278 F.3d at 957 (finding that a nonexamining physician's opinion can serve as substantial evidence when it is consistent with other evidence of record). Because the ALJ's decision is supported by substantial evidence, the

- 5 -

1 Court finds that the ALJ did not err by determining that Plaintiff was not presumptively
2 disabled at step three.

### B. The ALJ erred by rejecting Plaintiff's symptom testimony because his rationale was not specific, clear and convincing, or supported by substantial evidence.

Plaintiff testified that he is unable to work because of fatigue, chest pain, and edema resulting from his cardiovascular impairments. (R. at 48.) As a result of his lower extremity edema, he generally keeps his legs elevated throughout the day. (R. at 49–50.) He experiences shortness of breath when he walks. (R. at 50–51.) Finally, he experiences panic attacks at least once per week. (R. at 49.) The ALJ rejected Plaintiff's testimony for two reasons: (1) his ability to complete activities of daily living ("ADLs") conflicted with his alleged limitations; and (2) his testimony was not supported by objective medical evidence. (R. at 25–26.) The Court finds that neither reason was sufficient.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The ALJ may consider whether the claimant's medical records contain evidence to support his symptom testimony, but that cannot form the sole basis for discounting the testimony. *Burch*, 400 F.3d at 681. The ALJ may also consider the claimant's daily activities, course of treatment, improvement in symptoms, and inconsistent statements. *See, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008).

The ALJ's finding that Plaintiff's ADLs were inconsistent with his alleged limitations is not specific, clear and convincing, or supported by substantial evidence. The ALJ based his finding on a function report in which Plaintiff noted that he stays home alone during the day and has no issues completing ADLs. (R. at 26.) However, the ALJ failed to

explain how this finding was inconsistent with Plaintiff's testimony or indicative of Plaintiff's ability to sustain work. Plaintiff testified that he is usually in a lounging position during the day, but he can care for himself and do basic chores. (R. at 51–52.) Therefore, his report that he is home alone and has no issues completing ADLs is not inconsistent with his testimony. Moreover, "[t]he Ninth Circuit has repeatedly stated that claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Bergfeld v. Barnhart*, 361 F.Supp.2d 1102, 1115 (D. Ariz. 2005). That Plaintiff continued to care for himself and complete basic chores does not serve as substantial evidence to reject his testimony.

The ALJ's finding that Plaintiff's testimony is not supported by objective medical evidence is not specific, clear and convincing, or supported by substantial evidence.[1] Regarding Plaintiff's physical impairments, the ALJ relied almost exclusively on medical records from before Plaintiff's amended alleged onset date of November 1, 2016. (R. at 25.) The ALJ failed to evaluate multiple records that detail Plaintiff's symptoms and treatment during the relevant period, so his review was incomplete. Further, the records the ALJ cited from 2017 and 2018 contain hundreds of pages, and his lack of specificity in discussing specific medical records makes meaningful review difficult. *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("To support a lack of credibility finding, the ALJ was required to point to *specific facts* in the record.").

Regarding Plaintiff's mental impairments, the ALJ found that Plaintiff's mental examinations were normal; his concentration was good; and his thought content was appropriate, logical, and relevant. (R. at 26.) Additionally, the ALJ found that Plaintiff's anxiety was well-controlled by Ativan and medical marijuana. (R. at 26.) Though the ALJ properly considered Plaintiff's positive mental examinations and response to treatment, that evidence does not support rejecting Plaintiff's testimony that his *physical* impairments were the primary reason he stopped working. (R. at 47–51.)

---

[1] Even if the ALJ's finding that the objective medical evidence did not support Plaintiff's alleged limitations was not supported by substantial evidence, it is insufficient on its own to support a rejection of Plaintiff's testimony. *See Burch*, 400 F.3d at 680.

In sum, the Court finds that the ALJ's evaluation of Plaintiff's objective medical evidence was incomplete and inadequate and therefore does not support his rejection of Plaintiff's testimony.

### C. The ALJ properly rejected the opinion of Dr. Craig Cohen but erroneously rejected the opinion of Dr. Akil Loli.

Plaintiff argues that the ALJ erred by rejecting the opinions of his treating physicians, Dr. Loli and Dr. Cohen. (Pl. Br. at 10–11.) The ALJ rejected both opinions because they were inconsistent with the record as a whole. (R. at 26.) Specifically, the ALJ rejected Dr. Loli's opinion because the extreme lifting, standing, sitting, and postural limitations he assessed were not supported by his treatment records. (R. at 26.) The ALJ rejected Dr. Cohen's opinion because it was based on a short-term hospitalization from which Plaintiff quickly recovered. (R. at 26.) The Court finds that the ALJ erroneously rejected Dr. Loli's opinion and properly rejected Dr. Cohen's opinion.

In general, a treating physician's opinion should be given controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To reject a treating physician's opinion, the ALJ must give "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle*, 533 F.3d at 1164. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating how much weight to afford a medical opinion, the ALJ may consider the nature and extent of the treating relationship. 20 C.F.R. § 404.1527(c). The ALJ may also consider whether the opinion is brief, conclusory, or inadequately supported by clinical findings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's finding that Dr. Loli's September 13, 2017 opinion was inconsistent with the entirety of the record is neither specific and legitimate nor supported by substantial evidence. Dr. Loli treated Plaintiff for his cardiovascular impairments, and his treatment records reflect that Plaintiff had palpations, lower extremity edema, anxiety, and moderate to severe exertional symptoms. (R. at 770–80.) The ALJ rejected Dr. Loli's opinion

because his treatment records did not support the lifting, standing, sitting, and postural limitations that Dr. Loli assessed. (R. at 26.) However, the Court finds that the ALJ's explanation falls short of the level of specificity that is required to reject a treating physician's opinion. For example, the ALJ failed to consider how Plaintiff's well-documented cardiovascular symptoms, including fatigue and edema, may have affected his functional or postural capabilities. Plaintiff testified that his edema and shortness of breath caused him to need to recline for a substantial portion of the day. (R. at 51.) Therefore, Dr. Loli's notes that Plaintiff suffered from lower extremity edema and exertional symptoms could support extreme functional and postural limitations. The ALJ failed to consider the record as a whole, and therefore his rationale for rejecting Dr. Loli's opinion is insufficient.

The ALJ's finding that Dr. Cohen's opinion was entitled to limited weight because it was based on a short hospital stay from which Plaintiff quickly recovered is specific and legitimate and supported by substantial evidence. The ALJ determined that Dr. Cohen primarily based his opinion on Plaintiff's hospitalization in February 2018. (R. at 26–27.) Plaintiff agrees but argues that was an illegitimate reason to give Dr. Cohen's opinion reduced weight. (Pl. Br. at 11.) The Court disagrees. An ALJ may consider both the nature and length of a physician's relationship with the claimant when determining how much weight to afford the physician's opinion. *See* 20 C.F.R. § 404.1527(c)(2). Despite the seriousness of Plaintiff's hospitalization and Dr. Cohen's belief that Plaintiff's condition would last longer than 12 months, the short nature of their relationship was a valid reason to give his opinion reduced weight.

In sum, the Court finds that the ALJ erroneously rejected the opinion of Dr. Loli and properly rejected the opinion of Dr. Cohen.

### D.  The proper remedy is to remand for further proceedings.

The credit-as-true rule applies if three elements are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient

reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

In this case, the elements of the credit-as-true rule are met. First, the record is fully developed and further proceedings would not be useful. Second, the ALJ improperly rejected Plaintiff's symptom testimony and Dr. Loli's opinion. Third, the improperly rejected evidence, if credited as true, establishes that Plaintiff is disabled. For example, the vocational expert testified that Plaintiff could not sustain work if he could stand and walk for fewer than two hours in an eight-hour workday; sit for only two hours in an eight-hour workday; and needed to elevate his feet at chest height while sitting. (R. at 60–62.) These limitations are consistent with Plaintiff's testimony and the opinion of Dr. Loli.

Nevertheless, the record creates serious doubt as to whether Plaintiff is, in fact, disabled. For example, Plaintiff's providers expressed serious concern regarding Plaintiff's substance abuse and its interference with his health and ability to improve or receive additional treatment. The ALJ briefly addressed this issue and determined it was immaterial because there were other grounds upon which to find Plaintiff not disabled. (R. at 21.) However, the Court finds that the ALJ's evaluation was largely insufficient and therefore Plaintiff's substance abuse should be thoroughly considered on remand.

**IT IS THEREFORE ORDERED** reversing the October 31, 2018 decision of the Administrative Law Judge (R. at 15–34.)

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close the case.

Dated this 5th day of August, 2020.

_____
Honorable John J. Tuchi
United States District Judge